UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOTEL 57 L.L.C., | 22 Civ. 02554 (JHR) |
| Plaintiff, | |
| -v.- | MEMORANDUM OPINION AND ORDER |
| INTEGRAL CONTRACTING INC., | |
| Defendant. | |
| INTEGRAL COUNTRACTING INC., | |
| Counter-Plaintiff, | |
| -v.- | |
| HOTEL 57 L.L.C., | |
| Counter-Defendant. | |
| INTEGRAL CONTRACTING INC., | |
| Third-Party Plaintiff, | |
| -v.- | |
| PARAMOUNT PAINTING GROUP, LLC and JOLIE PAPIER LTD, | |
| Third-Party Defendants. | |
| PARAMOUNT PAINTING GROUP, LLC, | |
| Fourth-Party Plaintiff, | |
| -v.- | |
| OHANNES GUNUSEN, | |
| Fourth-Party Defendant. | |

JENNIFER H. REARDEN, District Judge:

Plaintiff Hotel 57 LLC ("Hotel 57"), the owner of the Four Seasons Hotel New York (the "Hotel"), brings this action seeking to recover for the failed installation of replacement wallcovering in the Hotel's guestrooms and corridors.  Hotel 57 filed suit against its contractor, Defendant Integral Contracting Inc. ("Integral").  Integral, in turn, impleaded its subcontractor,

Third-Party Defendant Paramount Painting Group, LLC ("Paramount").  Paramount, for its part, impleaded *pro se* Fourth-Party Defendant Ohannes Gunusen, the supplier of the wallcovering.

Before the Court is Gunusen's motion for judgment on the pleadings, seeking dismissal of the Fourth-Party Complaint of Paramount.  ECF No. 59 (Mot.).  For the reasons stated below, Gunusen's motion is GRANTED.

## I.      BACKGROUND

In 2015, Plaintiff Hotel 57 embarked on an extensive renovation of the Hotel that cost more than $120 million.  ECF No. 1 (Compl.) ¶ 23.  Recognizing that the wallcoverings used in the Hotel were "an essential aspect of the Hotel's design," Hotel 57 decided to replace the existing wallcovering in most of the guestrooms and certain corridors of the Hotel with a custom silk variety.  *Id.* ¶¶ 33-34, 37.  The replacement wallcovering was supplied by Jolie Papier Ltd., a reputable New York-based wallcovering supplier, *id.* ¶ 37, through Gunusen, an interior finishes dealer, *see* ECF No. 40 (Fourth-Party Compl.) ¶¶ 3-4, 11.  Hotel 57 furnished the wallcovering to Integral, the contractor it had hired for the renovation.  Compl. ¶¶ 24-32, 38.  Integral, in turn, hired Paramount as a subcontractor to install it.  *Id.* ¶¶ 62-64.  In June and July 2017, Integral and Paramount replaced the wallcovering in approximately 328 guestrooms and certain corridors of the Hotel.  *Id.* ¶ 83.

In approximately mid-July 2017, Hotel 57 learned that the wallcovering installed by Integral and Paramount was "peeling away from the walls and ceilings," a process known as "delamination."  *Id.* ¶¶ 84-86.  The cause of the delamination is vigorously contested.  Hotel 57 alleges that it was caused by the wallcovering's "negligent and defective installation . . . by Integral and Paramount."  *Id.* ¶ 101; *see also id.* ¶¶ 102-17.  In their respective answers, Integral and Paramount counter that the delamination stemmed from "the existence of mold and high levels of moisture in the guest rooms."  ECF No. 14 (Integral Ans. to Compl.) ¶ 176; *see also*

ECF No. 28 (Paramount Ans. to Third-Party Compl.) ¶ 42 (same).  Efforts to remediate the delamination without replacing the wallcovering proved unsuccessful.  Compl. ¶ 121.  On November 19, 2021, Hotel 57 hired another contractor to replace the delaminated wallcovering. *See id.* ¶¶ 138-40.

On March 29, 2022, Hotel 57 sued Integral, alleging claims for breach of contract, contractual indemnification, and negligence.  *See id.*  In June 2022, Integral brought a counterclaim against Hotel 57 for litigation costs and expenses and impleaded Paramount and Jolie Papier,[1] asserting claims for common law and contractual indemnification, breach of contract, and contribution.  *See* ECF No. 16 (Third-Party Compl.).  In October 2022, Paramount impleaded Gunusen, similarly seeking common law indemnification and contribution.  *See* Fourth-Party Compl.[2]  Gunusen, proceeding *pro se*, answered and subsequently brought the instant motion.[3]

## II.    LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for

---

[1] Jolie Papier has not appeared in this action and "is believed to have gone out of business." ECF No. 76 (Joint Letter) at 3.

[2] In addition, Paramount asserted a crossclaim against Jolie Papier, seeking to render it "bound to fully indemnify and hold [Paramount] harmless for the full amount of any verdict or judgment that the plaintiff . . . may recover against" Paramount.  Paramount Ans. to Third-Party Compl. ¶ 45.

[3] In conjunction with opposing Gunusen's motion, Paramount cross-moved to amend its Fourth-Party Complaint.  *See* ECF No. 70 (Cross-Mot.).  That motion was denied.  *See* ECF No. 85 (Order on Cross-Mot.) at 3 (denying belated request to amend because Paramount's proposed new allegations "were known years before the amendment period closed," meaning that "Paramount ha[d] failed to show the diligence necessary to establish 'good cause' to amend").

failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)).  Accordingly, to survive a motion for judgment on the pleadings, a complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences," it is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90-91 (2d Cir. 2021) (quoting *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020)).

### III.   DISCUSSION[4]

#### A.  Common Law Indemnification

Paramount's common law indemnification claim against Gunusen fails for two reasons. First, common law indemnification cannot be used to foist one's own liability for negligence onto another (and if Paramount is found not to have acted negligently, then there is nothing to indemnify).  Second, Paramount has not sufficiently pled that Gunusen breached a duty to Hotel 57 or that Gunusen had a duty to indemnify Paramount.

The doctrine of common law indemnification "permit[s] one who is held vicariously liable *solely on account of the negligence of another* to shift the entire burden of the loss to the

---

[4] Where, as here, the Court is sitting in diversity, it applies the substantive laws of the forum state. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Accordingly, the Court applies New York law.

actual wrongdoer." *Trs. of Columbia Univ. v. Mitchell/Giurgola Assocs.*, 109 A.D.2d 449, 453 (1st Dep't 1985) (emphasis added) (rejecting failed "curtain wall" installers' claim for common law indemnification against supplier because each defendant was "charged with liability for negligence in failing to exercise due care in the performance of their own respective obligations directed toward construction of a workmanlike curtain wall, and not merely vicariously for defects in the materials supplied by" the supplier).[5]

To plead a claim for common law indemnification, "the [fourth]-party plaintiff" (here, Paramount) "and the [fourth]-party defendant" (here, Gunusen) "[must] have breached a duty to plaintiff," and there must also be "some duty to indemnify . . . between them." *Rosado v. Proctor & Schwartz, Inc.*, 66 N.Y.2d 21, 24 (1985) (quoting *Garrett v. Holiday Inns, Inc.*, 86 A.D.2d 469, 471 (4th Dep't 1982)).  Moreover, because common law indemnification is based on principles of "vicarious liability without actual fault on the part of the proposed indemnitee, . . . a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine." *Trs. of Columbia Univ.*, 109 A.D.2d at 453.

Paramount attempts to use the doctrine of common law indemnification to shift to Gunusen any liability it might otherwise bear.  However, Paramount's potential liability stems from its own "acts, omissions, fault and/or negligence."  Third-Party Compl. ¶ 10; *see also id.* ¶ 24 ("if Integral is held liable . . . that property damage was caused in whole or in part by the negligent acts of Paramount").  Thus, if Paramount is found liable, then common law indemnification will not be available because Paramount will then, by definition, be "a party who

---

[5] Paramount's attempt to distinguish *Trustees of Columbia University* on the ground that it involved a summary judgment motion (rather than a motion for judgment on the pleadings) is unavailing.  *See* Opp. Br. 9.  The summary judgment motion filed in *Trustees of Columbia University*, like Gunusen's motion for judgment on the pleadings, was brought "[a]fter answering the third-party pleading."  109 A.D.2d at 451.  Moreover, *Trustees of Columbia University*'s description of the common law indemnification doctrine does not rely on its procedural posture.

has itself actually participated to some degree in the wrongdoing." *Trs. of Columbia Univ.*, 109

A.D.2d at 453.  Alternatively, if Paramount successfully defends the claims against it and is not

found liable, "then [Paramount will] have no right to indemnification" at all.  *Mathis v. United

Homes, LLC*, 607 F. Supp. 2d 411, 434 (E.D.N.Y. 2009).

   With respect to Gunusen's alleged duty, Paramount has failed plead that "the [fourth]-

party defendant . . . breached a duty to plaintiff"—or that Gunusen bore "some duty to

indemnify" Paramount.  *Rosado*, 66 N.Y.2d at 24 (quoting *Garrett*, 86 A.D.2d at 471).  Instead,

Paramount merely alleges that any damages incurred by Hotel 57 "resulted from the acts,

omissions, fault and/or negligence of Ohannes Gunusen in supplying defective wall coverings,

failing to warn of any defects, or the improper propensities, composition, characteristics of the

wall coverings," or in "failing to supply or warn as to proper installation specifications."  Fourth-

Party Compl. ¶ 16.  That allegation is wholly conclusory and devoid of "a single independent

fact indicating why [Gunusen] is obligated to indemnify [Paramount] in the event [Paramount] is

ultimately found liable."  *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Oregon, Inc.*,

156 F. Supp. 3d 348, 361 (E.D.N.Y. 2016).  Such a claim "falls short of what Rule 8 requires."

*Id*.  Accordingly, Paramount's common law indemnification claim is dismissed.

## B.  Contribution

   Paramount also sues Gunusen for contribution, asserting that, "in the event Hotel 57

should recover against Integral and Integral against Paramount for the property damage alleged

in the Complaint, Ohannes Gunusen shall be liable to contribute, on the basis of apportionment

of responsibility, for all or part of any judgment."  Fourth-Party Compl. ¶ 18.  Because the

damages at issue in this case are economic in nature, however, Paramount's contribution claim

fails.

While only those who have not "actually participated to some degree in the wrongdoing" may recover under a theory of common law indemnification, *Trs. of Columbia Univ.*, 109 A.D.2d at 453, contribution, codified at N.Y. C.P.L.R. § 1401, "is a remedy available 'to [a]ny tortfeasor who pays more than its fair share of a judgment,'" *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 319, 325 (S.D.N.Y. 2010) (alteration in original) (quoting *Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540, 556 (1992)). "The 'critical requirement' for apportionment by contribution . . . is that 'the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought.'" *Trump Vill. Section 3, Inc. v. N.Y. State Hous. Fin. Agency*, 307 A.D.2d 891, 896 (1st Dep't 2003) (quoting *Raquet v. Braun*, 90 N.Y.2d 177, 183 (1997)). The contributing party's duty can be owed either to the "injured plaintiff" or "to the defendant who has been held liable." *Id.*

In an effort to defeat Paramount's contribution claim, Gunusen characterizes this case, which includes Hotel 57's negligence claim against Integral, as "a breach of contract action"— because "contribution does not lie in contract cases." ECF No. 60 (Gunusen Br.) at 9 (quoting *Vigilant Ins. Co. v. ADT Sec. Svcs.*, No. 10 Civ. 3066 (BSJ), 2011 WL 855874, at *4 (S.D.N.Y. Mar. 9, 2011)). That argument elides that "the touchstone for purposes of whether one can seek contribution is not the nature of the *claim* in the underlying complaint but the measure of *damages* sought therein." *Children's Corner Learning Ctr. v. A. Miranda Contracting Corp.*, 64 A.D.3d 318, 324 (1st Dep't 2009) (emphasis added). Where, as here, the alleged damages are economic in nature, contribution cannot lie. *See id.*

In its Complaint, Hotel 57 seeks to recover in tort for economic damages: "property damage to the drywall, property damage to the defectively installed wallcovering, and deprivation of use of areas of the Hotel affected by the delamination." Compl. ¶ 170. Paramount urges that those damages are "not strictly economic" because "[t]here are allegations of scoring

7

and damage to the Hotel's drywall which caused damage to the drywall and property damage."
ECF No. 72 (Opp. Br.) at 3.  The Court disagrees.  In effect, Hotel 57 "seeks only to be returned
to the point at which the breach arose and to be placed in as good a position as it would have
been had" the wallcovering not delaminated.  *Children's Corner Learning Ctr.*, 64 A.D.3d at 324
(cleaned up).  In other words, Hotel 57 seeks purely economic damages.  *See Structure Tone,
Inc. v. Universal Servs. Grp., Ltd.*, 87 A.D.3d 909, 911 (1st Dep't 2011) (holding that water
damage resulting from failed waterproofing was "a purely economic loss" and did not "constitute
an 'injury to property' within the meaning of CPLR 1401"); *Trump Vill.*, 307 A.D.2d at 897
(dismissing contribution claim because plaintiff sought "the cost of completing the defective
repairs to the building's terraces," which was "merely [an] economic loss").

Paramount notes that, in *Trustees of Columbia University*, the court reinstated the
contribution claim dismissed by the trial court.  Opp. Br. 9.  While the *Trustees of Columbia
University* court held that damage resulting from a failed "curtain wall" was not purely
economic, *Trs. of Columbia Univ.*, 109 A.D.2d at 455-56, that case "involved an unduly
dangerous product or circumstance which threatened the public for which a party may be liable
in tort independent of the party's contractual duties," *Structure Tone, Inc.*, 87 A.D.3d at 911
(citing *Trs. of Columbia Univ.*, 109 A.D.2d at 455).  According to Paramount, "should the
underlying claim be established, Gunusen would have created a dangerous hazard to the public."
Opp. Br. 6.  However, no operative pleading contains any such allegation.  Although Paramount
refers to allegations in its *Proposed Amended* Fourth-Party Complaint, Paramount's motion to
amend was denied.  *See* Order on Cross-Mot.

Because Hotel 57 only asserts economic damages in connection with pleading its tort
claim, a claim for contribution does not lie.  *See Children's Corner Learning Ctr.*, 64 A.D.3d at
324.  Accordingly, Paramount's contribution claim against Gunusen is dismissed.

**IV.     CONCLUSION**

For the foregoing reasons, Fourth-Party Defendant Ohannes Gunusen's motion for

judgment on the pleadings is GRANTED.  The Clerk of Court is directed to terminate ECF No.

59 and to terminate Gunusen from this action.

SO ORDERED.

Dated:  September 30, 2023
        New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

9