UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| HOTEL 57 L.L.C., <br><br>        Plaintiff, <br><br>-v.- <br><br>INTEGRAL CONTRACTING INC., <br><br>        Defendant. | 22 Civ. 2554 (JHR) <br><br>ORDER |

INTEGRAL COUNTRACTING INC.,

        Counter-Plaintiff,

-v.-

HOTEL 57 L.L.C.,

        Counter-Defendant.

---

INTEGRAL CONTRACTING INC.,

        Third-Party Plaintiff,

-v.-

PARAMOUNT PAINTING GROUP, LLC and JOLIE PAPIER LTD,

        Third-Party Defendants.

---

PARAMOUNT PAINTING GROUP, LLC,

        Fourth-Party Plaintiff,

-v.-

OHANNES GNUSEN,

        Fourth-Party Defendant.

---

JENNIFER H. REARDEN, District Judge:

      In this breach of contract case, Plaintiff and Counter-Defendant Hotel 57, L.L.C. ("Hotel 57") moves for partial summary judgment on the failure-to-mitigate affirmative defense

of Defendant and Counter-Plaintiff Integral Contracting Inc. ("Integral"). ECF No. 127. Integral moves for partial summary judgment on Hotel 57's first and second causes of action, for breaches of contract and of contractual indemnification, respectively. ECF No. 115. Both motions were accompanied by statements of material facts pursuant to Local Rule 56.1. *See* ECF Nos. 118, 129. Both oppositions to the motions were accompanied by responses to those statements. *See* ECF Nos. 135, 140. The Court strikes these statements and responses for failure to comply with Local Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and Rule 5.K of the Court's Individual Rules and Practices in Civil Cases.

"The purpose of Local Rule 56.1 is to assist the Court in understanding what the material facts are concerning a summary judgment motion, and whether those material facts are disputed or undisputed." *Dibenedetto v. Harman Int'l Indus., Inc.*, No. 22 Civ. 2029 (PGG), ECF No. 81 at 1 (S.D.N.Y. Feb. 29, 2024) (striking 56.1 statements for failure to follow Local Rules). To that end, Local Rule 56.1 requires, *inter alia*, that "any motion for summary judgment be accompanied by a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." L.R. 56.1(a). Additionally, "[e]ach statement . . . must be followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(c).

When opposing a motion for summary judgment, the non-moving party "must include a correspondingly numbered paragraph admitting or denying, and otherwise responding to, each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." L.R. 56.1(b). "Potential responses to a material fact listed by the movant are (1) 'Admitted'; (2) 'Denied'; or (3) 'I Don't

Know.'" *Dibenedetto*, ECF No. 81 at 1. "Because the purpose of Local Rule 56.1 is to assist the Court in determining what the material facts are and whether they are undisputed, legal argument in a Local Rule 56.1 submission is not appropriate." *Id.* at 2; *see also Am. Gen. Life Ins. v. Diana Spira 2005 Irrevocable Life Ins. Trust*, No. 08 Civ 6843, 2014 WL 6694502, at *1 (S.D.N.Y. Nov. 25, 2014) ("The Court grants [the plaintiffs' motion to strike] as to argumentative statements in the [Local Rule 56.1 statement] and as to purported factual statements which are unsupported by any citation to the record."); *Epstein v. Kemper Ins.*, 210 F. Supp. 2d 308, 314 (S.D.N.Y. 2002) ("Statements in an affidavit or Rule 56.1 statement are inappropriate if they are not based on personal knowledge, contain inadmissible hearsay, are conclusory or argumentative, or do not cite to supporting evidence.").

In several respects, the parties' Local Rule 56.1 Statements, Hotel 57's Response, and Integral's Response do not comply with the Local Rules or the Court's Individual Rules.

For example, Integral's Local Rule 56.1 Statement of Undisputed Material Facts, ECF No. 118 (Integral Statement), and Hotel 57's Response to Integral Contracting Inc.'s Local Civil Rule 56.1(a) Statement of Facts and its Local Civil Rule 56.1(b) Statement of Additional Facts, ECF No. 140 (Hotel 57 Response), both contain argumentative statements that are not "material fact[s] as to which the moving party contends there is no genuine issue to be tried." L.R. 56.1(a); *see, e.g.*, Integral Statement ¶ 5 ("The AIA Agreement is a valid and enforceable contract between Integral and Plaintiff."); Hotel 57 Response ¶ 26 ("Had the scope of work for the Lower Tower Phase been finalized when the AIA Agreement was first executed, that work would have been listed in the AIA Agreement."); *id.* ¶ 27("A finalized scope of work for the Lower Tower Phase was not included in the AIA Agreement when it was first executed solely because work remained at that time to further define that scope of work."); *id.* ¶ 42 ("The Lower Tower Order

3

applied to the installation of wallcovering in guestrooms in the Lower Tower during the Renovation Project.").

Hotel 57's Response also fails to comply with Local Rule 56.1(b) in that it contains "general statement[s]" reserving rights that do not "respond[]" to Integral's motion in "correspondingly numbered paragraphs." L.R. 56.1(b); Hotel 57 Response at 2. Nor are the statements "organized into *numbered* paragraphs, with each numbered paragraph setting forth only one factual assertion." Rule 5.K.iii.B (emphasis added). Additionally, these "general statements" are not "followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(c). *See* Hotel 57 Response at 2.

Moreover, Hotel 57's Local Civil Rule 56.1 Statement of Undisputed Material Facts, ECF No. 129 (Hotel 57 Statement) and Integral's Statement violate the Court's Individual Rule 5.K in two ways. First, the parties did not "coordinate their statements to provide for consecutive, non-overlapping, numbered paragraphs in their respective statements." R. 5.K.iii.c. Instead, each statement begins with numbered paragraph 1. *See* Hotel 57 Statement, Integral Statement. This impedes accurate citation and the development of a cohesive summary judgment record.

Second, several paragraphs in Hotel 57's Statement improperly set forth more than "one factual assertion." *See* R. 5.K.iii.b; *see also, e.g.*, Hotel 57 Statement ¶ 16 ("The techniques attempted at the Four Seasons Hotel to remediate the delamination included: the application of adhesive at the seam where the delamination occurred, the hanging of an additional strip of wallcovering over the delaminated seam, and the complete replacement of the delaminated wallcovering in certain guestrooms."); *id.* ¶ 47 ("NewGen completed the replacement of the Bedroom Wallcovering in the guestrooms at the Four Seasons Hotel, except for a few

guestrooms that were kept out of order to maintain the defective installation completed by Integral and Paramount.").

"The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001), *abrogated in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *see also Dibenedetto*, ECF No. 81 at 1 (similar). Because the parties' statements of material facts and responses thereto do not comply with the Local Rules or the Court's Individual Rules, the Clerk of Court is directed to terminate the motions at ECF Nos. 115, 126, and 127 and strike the documents at ECF Nos. 118, 129, 135 and 140.

By **September 27, 2024**, the parties may renew their motions for partial summary judgment with corrected Local Rule 56.1 statements that fully comply with the Local Rules and the Court's Individual Rules. Oppositions to the renewed motions, including Rule 56.1 responses, shall be due on October 11, 2024. Replies in further support shall be due on October 18, 2024.

SO ORDERED.

Dated: August 28, 2024
      New York, New York

                                            *Jennifer H. Rearden*
                                            JENNIFER H. REARDEN
                                            United States District Judge